GENSLER–LEE, Inc., v. UNITED STATES et al.

No. 24103.

District Court, N. D. California, S. D.

Dec. 31, 1946.

B. E. Kragen, of San Francisco, Cal., and Lionel B. Benas, of Oakland, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., of San Francisco, for the United States.

Robert W. Kenny, Atty. Gen., of California, Clarence A. Linn, Deputy Atty. Gen., and Doris H. Maier, Deputy Atty. Gen., for California Employment Stabilization Commission, amici curiæ.

GOODMAN, District Judge.

As in the case of Hearst Publications Inc. v. United States, D.C., 70 F.Supp. 666, plaintiff seeks recovery of federal insurance contributions and unemployment taxes upon the ground that certain persons, to-wit watchmakers, performing services in plaintiff's jewelry stores, were independent contractors and not employees.

The pertinent facts are as follows:

Plaintiff is a corporation engaged in the jewelry business, which it conducts in various stores throughout the State of California and in Reno, Nevada. For all of the periods here involved, the plaintiff engaged a watchmaker in each of its stores to handle watch repairs and adjustments for its customers. Some of these watchmakers were employed on a salary basis and others performed services on a commission basis, the latter being those whose status is here in issue.

Although there is evidence to the effect that a lesser degree of control and supervision was exercised over the activities of the watchmakers working on a commission basis than in the case of the salaried watchmakers, the general duties of all such watchmakers and their working arrangements were similar, regardless of the method of compensation adopted. They were in the stores to repair and adjust all watches brought in by plaintiff's customers; they were provided with a bench, working space and other facilities—such as power and light—necessary for them to so operate. Their watch repair operations, requiring special skill and training, were, by their nature, subject to no supervisory direction. They fixed the price for the repairs according to a somewhat set standard price schedule prevailing throughout their profession.

The charges were collected by the plaintiff on all credit transactions. On cash transactions, the watchmaker, if he collected, turned the money over to the plaintiff. Those working on a commission basis received commissions on all work performed whether or not the charge therefor, in the case of a credit transaction, was actually collected by the plaintiff. The commissions were not uniform; the usual arrangement, however, was 60% to the watchmaker and 40% to the plaintiff. The commission basis workers provided their own tools and equipment. They ordered, were billed and paid for the materials used in their work. Some of them were given keys to the store. In some instances they hired and paid assistants who were under their sole supervision. Some of the commission-basis watchmakers also did work for other jewelry firms and were not required to share with plaintiff the compensation received. There is evidence that they also performed services for plaintiff other than in the course of attending to plaintiff's customers, such as assisting in sales or repairing plaintiff's stock in trade of watches. Whether or not their hours of labor were specifically regulated by plaintiff is a fact in dispute, but it is agreed that as a customary matter, they were present at their benches during regular store hours, just as were the salaried workers. And in the San Francisco Bay area district, the hours of labor and the minimum compensation of these commission-basis workers were prescribed by the terms of a contract effective during the entire taxable period between the watchmakers' union and plaintiff. The term of employment of plaintiff's watchmakers was not fixed, nor was a written agreement entered into with any of them.

Plaintiff's business license to carry on a jewelry business included the repair of watches; receipts for watches left for repair, sales tags covering such repairs, and other stationery used by the watchmaker in connection with his duties, all bore the name "Gensler-Lee, Inc." Newspaper and radio advertising of watch repairs was paid for by plaintiff. The newspaper advertisements contained the name of plaintiff, the address of its store and usually, the watchmaker's name. All bills for repairs were

sent out by Gensler-Lee, collections were made by Gensler-Lee and, on the books of the jewelry company, the transaction appeared as a Gensler-Lee transaction.

It is unnecessary to here repeat the discussion of the applicable law set out in Hearst Publications, Inc., et al. v. United States supra. Suffice it to say that, from the facts of this cause, adequate indicia of an employer-employee relationship are present. Therefore judgment will go for defendant upon findings of fact and conclusions of law to be presented pursuant to the Rules. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c.